(21 Misc. Rep. 295.)

## DUNN v. CONNELL.

(Supreme Court, Appellate Term. October 1, 1897.)

1. MASTER AND SERVANT—DANGEROUS PREMISES—KNOWLEDGE.

Plaintiff, a lad between 15 and 16 years of age, was employed by defendant to remove an obstruction from a waste pipe on defendant's premises, and under his control. In his efforts to do so his hand and arm were burned by a solution of potash which had been thrown into the pipe without his knowledge, and before his employment. Plaintiff testified that defendant had been physically present before and at the time of the accident, and had been personally concerned in directing the removal of the obstruction. Defendant denied knowledge of the presence of the chemical. On the question whether a judgment in plaintiff's favor was sustained by the evidence, *held*, that the facts furnished reasonable support for the inference of defendant's knowledge of the presence of the chemical.

**2. SAME.**

The master owes his employé a duty to exercise ordinary care in the selection of a place to be assigned for the performance of services, which is free from the risk of injury not obvious or ordinarily incidental to the particular work to be performed; and it was a question for the jury whether the presence of the potash in the pipe could not have been ascertained by defendant in the performance of his duty before he directed plaintiff to proceed.

**3. SAME—ASSURANCES OF SAFETY.**

There was further proof that defendant directed plaintiff to thrust his hand and arm into the pipe. *Held,* that such direction was an assurance that plaintiff might obey with safety; and to give such assurance, without first exercising ordinary care to ascertain its accuracy, and intending that defendant should and knowing that he would act upon it, would charge defendant with negligence.

Appeal from city court of New York, general term.

Action by William Dunn, an infant, by Elizabeth Moore, his guardian, against Patrick J. Connell, to recover for personal injuries sustained by plaintiff, an employé, through the negligence of defendant, his employer. A judgment for plaintiff was rendered at the trial term of the city court of New York on a verdict in his favor, and it was affirmed by the general term (46 N. Y. Supp. 684), and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William G. McCrea, for appellant.

Joseph P. McDonough, for respondent.

BISCHOFF, J. The plaintiff, a lad between 15 and 16 years of age at the time, was employed by the defendant to remove an obstruction from the waste pipe in the toilet room of the defendant's saloon. In his efforts to perform the services required of him the plaintiff's hand and arm were severely burned by a solution of potash which had been thrown into the pipe without the plaintiff's knowledge, and previous to his employment. In this action, which was brought to recover for the injuries upon the ground of the defendant's negligence in directing the plaintiff to thrust his hand and arm into the pipe without disclosing the presence of the potash, or cautioning him against its dangerous qualities, a verdict was given for the plaintiff. Judgment upon the verdict was rendered in the latter's favor, and affirmed in the court below. From the affirmance this appeal is taken.

No exceptions appear in the case to the admission or exclusion of evidence, and such as appear to the trial justice's refusals to charge are not urged for reversal. Substantially the only ground of attack upon the recovery is that the charge of negligence was not sustained, because, as claimed, it was not made to appear from the evidence that the defendant personally knew of the presence of the potash in the pipe. The waste pipe was shown to have been upon the defendant's premises, and under his immediate control; and, accepting the plaintiff's testimony, as it was within the jury's province to do, the defendant was physically present before and at the time of the accident, and had been personally concerned in directing the removal of the obstruction. These facts, taken with the further fact that the chem-

ical complained of was exotic to the place where it was found, and could not have got there without the intervention of human agency, furnished reasonable support for the inference of the defendant's knowledge of its presence. His testimony in denial of such knowledge, being that of a witness directly concerned in the issue of the action, was not conclusive upon the jury. It is conceded that, having such knowledge, the defendant was negligent in not disclosing the presence of the potash under the circumstances, or cautioning the plaintiff against a risk to be encountered from contact with it.

If we assume that the defendant did not know of the potash in the pipe, still his negligence was apparent from sufficient evidence. Examined as a witness in his own behalf, the defendant denied all knowledge of the presence of the potash; and it is elementary that the master owes his employé a duty to exercise ordinary care in the selection of a place to be assigned for the performance of services which is free from the risk of injury not obvious or ordinarily incidental to the particular work to be performed,—a duty which, in the present instance, was somewhat intensified, because of the plaintiff's inexperience and youth. Only obvious risks, or those ordinarily incidental to the employment, can be said to be assumed by the employé when he enters upon the employment. It was, therefore, a question for the jury whether or not the presence of the potash in the pipe could not have been ascertained by the defendant in the performance of his duty before he directed the plaintiff to proceed with the removal of the obstruction, since we cannot say, as matter of law, that the presence of the potash could reasonably have been apprehended by the plaintiff, or that contact with a dangerous solution or compound was among the obvious risks of the services required, or the risks ordinarily incidental to the performance of such services. If the presence of the potash could have been ascertained by the defendant, with the exercise of ordinary care, before he directed the plaintiff to proceed with the work of removing the obstruction, then, plainly, the former was derelict towards the latter, since he, from his own admission, was unaware of such presence. The case is not one where actual notice, or notice inferable from the lapse of time, was required to charge the defendant with neglect. As already stated, it was his duty to furnish the plaintiff, from the outstart, with a place to work in as reasonably safe and free from the risk of injury as the character of the employment would permit, or before assigning the plaintiff to work to call the latter's attention to such lurking dangers as in the exercise of ordinary prudence the former would have been able to discover. Thomas, Neg. 744. If the place had been free from such lurking dangers when the plaintiff was assigned to work, and had thereafter become dangerous, a different question would have arisen, and in that event the contention that the defendant did not know of the dangers, and that he did not have sufficient time to become aware of them with the exercise of ordinary care or prudence, might have been forceful. Again, the proof was that the defendant directed the plaintiff to thrust his hand and arm into the pipe. Was this not an assurance that it was safe for the plaintiff so to do? And, if so, was the defendant not chargeable with neg-

lect in the giving of such assurance, without having first exercised ordinary care to ascertain its accuracy, intending that the plaintiff should, and knowing that he would, act upon it? The bare statement of the questions suggests an answer adversely to the defendant's contention.

Our conclusion is that the trial court did not err in its refusal to dismiss the complaint, and that the judgment should be affirmed, with costs. All concur.